UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:09-CV-518 |
| | ) | (VARLAN/INMAN) |
| 2006 DODGE CHARGER SRT-8, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This civil action is before the Court on the United States' Motion to Strike Verified Claim and Answer and for Judgment on the Pleadings [Doc. 24]. Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and Rule G(8)(c)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States moves the Court to strike the verified claim and answer of claimant Donald R. Reynolds, Jr. ("Reynolds") and enter judgment in favor of the United States. No response has been filed in opposition, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2. After reviewing the motion and the record, and for the reasons explained below, the Court will issue an order granting the motion.

**I.     Background**

This action was initiated through the filing of a verified complaint for forfeiture by the United States on November 24, 2009 [Doc. 1]. Pursuant to the verified complaint, the United States seeks forfeiture of a 2006 Dodge Charger SRT-8, VIN 2B3LA73W36H506396

(the "defendant property") [*Id.*]. On December 17, 2009, Reynolds filed a verified claim with respect to the defendant property [Doc. 5]. He also filed an answer to the complaint [Doc. 6]. Regions Financial Corporation ("Regions") filed a verified claim and answer as well [Docs. 10, 11]; however, Regions filed a motion to withdraw its claim and answer, which the Court granted [Doc. 23]. No other claims or answers were filed.

On February 11, 2010, the United States served Reynolds with special interrogatories in accordance with Supplemental Rule G(6)(a) [Doc. 25]. On February 19, 2010, Reynolds moved for an extension of time in which to respond to the special interrogatories [Doc. 12]. The Court granted Reynolds's request, ordering that he would have until April 15, 2010 in which to provide his responses [Doc. 16]. Reynolds failed to submit any response [Doc. 25].

## II. Governing Law and Standards of Review

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions." 18 U.S.C. § 983(a)(4)(A). "To contest a government forfeiture action, a claimant must have both statutory standing in accord with CAFRA, and the Article III standing required for any action brought in federal court." *United States v. Vehicle 2007 Mack 600 Dump Truck, VIN 1M2K189C77M936428*, 680 F. Supp. 2d 816, 822 (E.D. Mich. 2010) (citing *United States v. $515,060.42*, 152 F.3d 491, 497 (6th Cir.1998)). "Statutory standing is established through strict compliance with Supplemental Rules G(5)

2

and G(6)." *Id.* (citing *United States v. One 2001 Cadillac Deville Sedan*, 335 F. Supp. 2d 769, 772 (E.D. Mich. 2004)).

Relevant here is Rule G(6), which provides:

(6) Special Interrogatories.

(a) Time and Scope.

The government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed. But if the claimant serves a motion to dismiss the action, the government must serve the interrogatories within 21 days after the motion is served.

(b) Answers or Objections.

Answers or objections to these interrogatories must be served within 21 days after the interrogatories are served.

(c) Government's Response Deferred.

The government need not respond to a claimant's motion to dismiss the action under Rule G(8)(b) until 21 days after the claimant has answered these interrogatories.

Supplemental Rule G(8)(c)(i) authorizes the Court to strike a claim or answer on motion by the government if a claimant fails to comply with Rule G(6) or because the claimant lacks standing. Rule 8(c)(ii)(B) further provides that such motion "may be presented as a motion for judgment on the pleadings or as a motion to determine after a hearing or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence."

3

Rule 12(c) of the Federal Rules of Civil Procedure provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Motions for judgment on the pleadings under the Rule 12(c) of the Federal Rules of Civil Procedure are analyzed using the same standard employed for a motion to dismiss under Rule 12(b)(6)." *Vehicle 2007 Mack 600 Dump Truck*, 680 F. Supp. 2d at 826 (citing *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (citing *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal quotation marks omitted)). "A motion brought pursuant to Rule 12(c) is appropriately granted 'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Id.* (citation omitted).

### III. Analysis

With respect to the motion to strike Reynolds's verified claim and answer, the Court recognizes that more than one year has passed since the expiration of the deadline for responding to the special interrogatories and Reynolds has yet to provide a response. Reynolds has been provided notice of the need to respond to the special interrogatories through various filings in this case, including the United States's motion to stay the scheduling order [Doc. 18], the Court's February 15, 2011 order [Doc. 19], and the United States's April 18, 2011 status report [Doc. 22]. Moreover, the April 18, 2011 status report

indicated that the United States anticipated moving to strike Reynolds's claim and answer as a result of his failure to answer the special interrogatories. Accordingly, the Court finds the motion to strike has merit. The Court will order that the claim and answer be stricken pursuant to Rule G(8)(c)(i).

With respect to the United States's motion for judgment on the pleadings, the Court reiterates that it will strike Reynolds's claim and answer for failure to comply with Rule G(6). And Regions withdrew its claim and answer. Thus, given the absence of any claims with respect to the defendant property or defenses to the allegations set forth in the verified complaint, there is no material issue of fact. Moreover, the Court has reviewed the verified complaint and finds that the United States is entitled to judgment as a matter of law. The Court therefore will order that the motion for judgment on the pleadings be granted.

## IV. Conclusion

For the reasons stated herein, the Court will **GRANT** the United States' Motion to Strike Verified Claim and Answer and for Judgment on the Pleadings [Doc. 24]; order Reynolds's verified claim and answer [Docs. 5, 6] be stricken pursuant to Supplemental Rule G(8)(c)(i); and order that the *in rem* defendant, the 2006 Dodge Charger SRT-8 VIN 2B3LA73W36H506396, be forfeited to plaintiff, the United States of America, for disposition according to law.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE